**Stephen H. Buckley**, OSB #80178
shb@brownrask.com
**Cary R. Cadonau**, OSB #00224
crc@brownrask.com
BROWNSTEIN, RASK, et al.
1200 S.W. Main Street
Portland, Oregon 97205
Telephone: (503) 221-1772
Fax: (503) 221-1074
    Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON, PORTLAND DIVISION

| | |
|---|---|
| TRUSTEES OF THE OREGON-WASHINGTON CARPENTERS-EMPLOYERS HEALTH AND WELFARE TRUST FUND, TRUSTEES OF THE OREGON-WASHINGTON CARPENTERS-EMPLOYERS PENSION TRUST FUND, TRUSTEES OF THE OREGON-WASHINGTON CARPENTERS-EMPLOYERS VACATION-SAVINGS TRUST FUND, TRUSTEES OF THE OREGON-WASHINGTON CARPENTERS-EMPLOYERS APPRENTICESHIP AND TRAINING TRUST FUND and THE PACIFIC NORTHWEST REGIONAL COUNCIL OF CARPENTERS,<br><br>    Plaintiffs,<br><br>  v.<br><br>ANDERS CERTIFIED WELDING, INC.,<br><br>    Defendant. | Civil No. 10-cv-1047-KI<br><br>**FIRST AMENDED COMPLAINT**<br>(Breach of Collective Bargaining Agreement and Violation of ERISA) |

    Plaintiffs allege:

///    ///

Page 1 - **FIRST AMENDED COMPLAINT**

I

## THE PARTIES

1. Plaintiffs are the Trustees of the Oregon-Washington Carpenters-Employers Health and Welfare Trust Fund (Health Fund), the Oregon-Washington Carpenters-Employers Pension Trust Fund (Pension Fund), the Oregon-Washington Carpenters-Employers Vacation-Savings Trust Fund (Vacation Fund), the Oregon-Washington Carpenters-Employers Apprenticeship and Training Trust Fund (Apprenticeship Fund) (collectively, the "Trust Funds") and the Pacific Northwest Regional Council of Carpenters (Union).

2. The Health Fund, Vacation Fund and Apprenticeship Fund are "employee welfare benefit plans" as that term is defined in 29 U. S. C. § 1002(1) of the Employee Retirement Income Security Act of 1974, as amended (ERISA). The Pension Fund is an "employee pension benefit plan" as that term is defined in 29 U.S.C. § 1002(2)(A) of ERISA. Numerous employers pay fringe benefit contributions to the Health Fund, Vacation Fund, Apprenticeship Fund and Pension Fund, and these funds are "multiemployer plans" as that term is defined in 29 U.S.C. § 1002(37)(A) of ERISA. The Trustees of the Health Fund, Pension Fund, Vacation Fund and Apprenticeship Fund have discretionary authority and control over the management of the Trust Funds and are "fiduciaries" as that term is defined in 29 U.S.C. § 1002(21)(A) of ERISA.

3. Defendant is an Oregon corporation. At all times material to this proceeding (July 1, 2006, to date), Defendant has been an "employer" as that term is defined in 29 U.S.C. § 152(2) of the Labor-Management Relations Act (LMRA) and 29 U.S.C. § 1002(5) of ERISA and has been engaged in an "industry or activity affecting commerce" as that term is defined in 29 U.S.C. §§ 142(1) and (3) of the LMRA and 29 U.S.C. § 1002(12) of ERISA.

Page 2 - **FIRST AMENDED COMPLAINT**

II

## JURISDICTION

4. The Court has jurisdiction over the Claim for Relief brought by the Trustees of the Health Fund, Pension Fund, Vacation Fund and Apprenticeship Fund against Defendant for violation of the provisions of 29 U.S.C. §§ 1132(a)(3) and 1145 of ERISA pursuant to 29 U.S.C. § 1132(e)(1) of ERISA.

5. At all times material to this proceeding (July 1, 2006 through June 30, 2010), Defendant has been bound by a collective bargaining agreement with the Pacific Northwest Regional Council of Carpenters (the "Union") as described below. The collective bargaining agreement covers employees in an industry affecting commerce and the activities of Defendant affect commerce. The Court also has jurisdiction over the Claim for Relief brought by each Plaintiff against Defendant pursuant to the provisions of 29 U.S.C. § 185(a) of the LMRA.

III

## JOINDER

6. The obligations of Defendant to Plaintiffs arise out of the same collective bargaining agreement. Common questions of law and fact govern the claims each Plaintiff has against Defendant.

IV

## CLAIM FOR RELIEF

7. At all times material hereto (July 1, 2006 through June 30, 2010), Defendant has been bound by a collective bargaining agreement negotiated by the Union. Under the terms of the collective bargaining agreement, Defendant agreed to be bound by the terms and conditions

Page 3 - **FIRST AMENDED COMPLAINT**

of the Trust Agreements that created the Trust Funds. Defendant further agreed to pay fringe benefit contributions on behalf of its employees performing work covered by the collective bargaining agreement to the Trustees of the Trust Funds. Defendant further agreed to file monthly remittance report forms and to pay fringe benefit contributions to the Trustees of the Trust Funds by the 20th day of the month following the month in which the work was performed.

8. Plaintiffs conducted a payroll examination of Defendant's books and records for the time period from July 1, 2006 through June 30, 2010, in order to determine whether Defendant paid all required fringe benefit contributions and union dues to Plaintiffs.

9. Based on the results of that payroll examination, Defendant was found to owe the following amounts to Plaintiffs: $186,800.43 in fringe benefits contributions and union dues; $56,161.06 in interest calculated through January 20, 2011, with interest continuing to accrue on the sum of the unpaid fringe benefit contributions ($171,812.02) at the rate of 12% per annum from January 21, 2011, through entry of judgment, and interest continuing to accrue on the unpaid union dues ($14,988.41) at the rate of 9% per annum from January 21, 2011, through entry of judgment; plus $30,199.33 in liquidated damages as of January 20, 2011, with liquidated damages continuing to accrue in an amount equal to one percent (1%) of the unpaid contributions ($171,812.02) for each monthly period on and after January 20, 2011, that they remain unpaid.

10. The Trust Agreements that created the Trust Funds provide that, in the event that an employer fails to timely pay fringe benefit contributions and legal proceedings are instituted, the Trustees of the Trust Funds are entitled to recover a reasonable attorneys' fee. The Trustees of the Health Fund, Pension Fund, Vacation Fund and Apprenticeship Fund are entitled to recover a reasonable attorneys' fee from Defendant.

Page 4 - **FIRST AMENDED COMPLAINT**

11. The Trustees of the Health Fund, Pension Fund, Vacation Fund and Apprenticeship Fund are also entitled to recover a reasonable attorneys' fee from Defendant pursuant to the provisions of 29 U.S.C. § 1132(g)(2)(D) of ERISA.

12. The Trust Agreements that created the Trust Funds provide that, in the event a payroll examination of an employer's books and records is conducted and fringe benefit contributions are found due and owing, the Trust Funds are entitled to a reasonable payroll examination fee. Based on the terms of the Trust Agreements that created the Trust Funds, the Trustees of the Trust Funds are entitled to recover from Defendant a reasonable payroll examination fee.

13. The Trustees of the Trust Funds are also entitled to recover a reasonable payroll examination fee from Defendant pursuant to the provisions of 29 U.S.C. §1132(g)(2)(E) of ERISA.

14. To date, the Trustees of the Trust Funds have incurred $2,043.00 in payroll examination fees. Defendant should be required to pay $2,043.00 in payroll examination fees to the Trustees of the Trust Funds, together with any additional payroll examination fees that they incur in this lawsuit.

WHEREFORE, Plaintiffs pray for a decree and judgment against Defendant as follows:

1. Requiring Defendant to pay the following amounts to Plaintiffs: $186,800.43 in fringe benefits contributions and union dues; $56,161.06 in interest calculated through January 20, 2011, with interest continuing to accrue on the sum of the unpaid fringe benefit contributions ($171,812.02) at the rate of 12% per annum from January 21, 2011, through entry of judgment, and interest continuing to accrue on the unpaid union dues ($14,988.41) at the rate of 9% per

Page 5 - **FIRST AMENDED COMPLAINT**

annum from January 21, 2011, through entry of judgment; $30,199.33 in liquidated damages as of January 20, 2011, with liquidated damages continuing to accrue in an amount equal to one percent (1%) of the unpaid contributions ($171,812.02) for each monthly period on and after January 20, 2011, that they remain unpaid; and $2,043.00 in payroll examination, together with any additional payroll examination fees that are incurred in this lawsuit;

    2.    Requiring Defendant to pay the Trustees of the Trust Funds a reasonable attorneys' fee;

    3.    Requiring Defendant to pay Plaintiffs' costs and disbursements incurred in this lawsuit; and

    4.    For such further relief as the Court deems just and equitable.

DATED this 22nd day of February 2011.

        **Brownstein, Rask, et al.**

        \s\ Cary R. Cadonau
        Cary R. Cadonau, OSB #00224
        Of Attorneys for Plaintiffs