**Stephen H. Buckley**, OSB #80178
E-mail: shb@brownrask.com
**Paul G. Dodds**, OSB #87203
E-mail: pgd@brownrask.com
Brownstein, Rask, Sweeney, Kerr,
  Grim, DeSylvia & Hay, LLP
1200 S.W. Main Street
Portland, OR 97205-2040
Telephone: (503) 221-1772
Facsimile:  (503) 221-1074

        Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| TRUSTEES OF THE OREGON-WASHINGTON CARPENTERS-EMPLOYERS HEALTH AND WELFARE TRUST FUND, et al. | Case No. 10-CV-1047-KI |
| Plaintiffs, | MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND BILL OF COSTS |
| v. | |
| ANDERS CERTIFIED WELDING, INC. | |
| Defendant. | |

I. <u>INTRODUCTION</u>

On November 16, 2011 the court entered an opinion and order granting plaintiffs' motion for summary judgment.  CR 33.  The opinion and order states that plaintiffs are entitled to recover their attorney's fees.  *Id*. at 13.  Plaintiffs are concurrently filing a

PAGE 1 -    MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR
               ATTORNEY'S FEES AND BILL OF COSTS

motion for attorney's fees and a bill of costs, and plaintiffs submit this memorandum in

support of their motion and bill of costs.

## II. <u>ATTORNEY'S FEES</u>

In accordance with Fed. R. Civ. P. 54(d)(2) and L.R. 54-3, plaintiffs state as

follows:

A.  As noted above, the court's November 16, 2011 opinion and order entitles

plaintiffs to an award of attorney's fees.[1]

B.  The amount of attorney's fees claimed is $18,671.25.

C.  The starting point, and often the ending point, in determining a reasonable

attorney's fee award is the "lodestar," which is the number of hours worked multiplied by

the prevailing hourly rates.  *Perdue v. Kenny A*, ___ U.S. ___, 130 S. Ct. 1662, 1669

(2010); *Grove v. Wells Fargo Financial, Inc.*, 606 F.3d 577, 582 (9th Cir. 2010).  "There

is a 'strong presumption' that the lodestar figure represents a reasonable fee."  *Fischel*

*v. Equitable Life Assurance Society of the United States*, 307 F.3d 997, 1007 (9th Cir.

---

[1]  Two substantive bases exist for the award of attorney's fees.  First, defendant
agreed to be bound by the Trust Agreements that created the Trust Funds.  The Trust
Agreements provide that in the event a lawsuit is brought to collect delinquent fringe
benefit contributions, the Trust Funds are entitled to recover a reasonable attorney's
fee.  Second, ERISA provides a statutory basis to award a reasonable attorney's fee to
the Trust Funds, each of which are governed by ERISA.  29 U.S.C. § 1132(g)(2)(D).  An
award of attorney's fees is mandatory when three  conditions are satisfied: (1) the
employer owes delinquent fringe benefit contributions at the time the lawsuit is filed; (2)
the district court enters judgment against the employer; and (3) the trust agreements
provide for an award of attorney's fees. *Northwest Administrators, Inc. v. Albertson's,*
*Inc.*  104 F.3d 253, 257 (9th Cir. 1996). The three conditions have been met in this
case.

PAGE 2 -    MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR
            ATTORNEY'S FEES AND BILL OF COSTS

2002).  In calculating the lodestar figure, the courts generally consider some or all of the following factors as they may be relevant under the circumstances:

> (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) any time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id*., n.7.

Plaintiffs' attorneys expended a total of 95.75 hours in connection with this matter from inception through preparing the motion for attorney's fees.  A comprehensive list of the tasks performed by plaintiffs' attorneys, and the dates and amounts of time expended on each of these tasks, is attached as Exhibit A to the accompanying declaration of Paul G. Dodds.  These tasks were reasonable and necessarily performed in representing plaintiffs in this matter.

The three attorneys primarily involved in handling this appeal were Stephen H. Buckley, Paul G. Dodds, and Cary R. Cadonau.  Mr. Buckley is a partner in the law firm of Brownstein, Rask, Sweeney, Kerr, Grim, DeSylvia & Hay, LLP ("Brownstein Rask"). Dodds Declaration, ¶ 5.  He has been a member of the Oregon State Bar since 1980, and is a member of the bars of the United States District Court for the District of Oregon, and the United States Court of Appeals for the Ninth Circuit.  *Id*.  He received an B.A. from Colorado State University in 1976 and his J.D. from Willamette University in 1980.  *Id*.  Mr. Buckley's areas of practice are employee benefits and labor law.  *Id*.

PAGE 3 -    MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR
ATTORNEY'S FEES AND BILL OF COSTS

Mr. Dodds is a partner in Brownstein, Rask.  Dodds Declaration, ¶ 6.  He has

been a member of the Oregon State Bar since 1987, and is a member of the bars of the

United States District Court for the District of Oregon, the United States Court of

Appeals for the Ninth, Eleventh and Federal Circuits, the United States Court of

International Trade, and the United States Tax Court.  *Id*.  He received a B.S. from

Portland State University in 1983 and his J.D. from Northwestern School of Law of

Lewis and Clark College in 1987.  *Id*.  Mr. Dodds's areas of practice are civil litigation

and appeals.  *Id*.

Mr. Cadonau is a partner in Brownstein, Rask.  Dodds Declaration, ¶ 7.  He has

been a member of the Oregon State Bar since 2000, and is a member of the bars of the

United States District Court for the District of Oregon and the Western District of

Washington.  *Id*.  He received a B.A.D.M. from Loyola Marymount University in 1995

and his J.D. from Northwestern School of Law of Lewis and Clark College in 2000.  *Id*.

Mr. Cadonau's areas of practice are business litigation, real estate, and personal injury.

*Id*.

The hourly rate for plaintiffs' attorneys for work performed on this matter was

$195.00.  Dodds Declaration, ¶ 8.  This rate is well below market rate for attorneys in

Portland, as indicated in the Oregon State Bar's most recent economic survey,

conducted in 2007 ("the Survey"), even without accounting for inflation.[2]  The Survey

lists the average hourly rate for Portland area business/corporate litigators as $283.00.

---

[2]  Excerpts from the Survey are attached as Exhibit B to the accompanying
declaration of Paul G. Dodds.

PAGE 4 -    MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR
ATTORNEY'S FEES AND BILL OF COSTS

The Survey also lists the average hourly rates for Portland area attorneys by years of practice. For attorneys with over 30 years of practice, such as Mr. Buckley, the average hourly rate is $287.00. For attorneys with 21 to 30 years of practice, such as Mr. Dodds, the average hourly rate is $277.00. For attorneys with 10 to 12 years of experience, such as Mr. Cadonau, the average hourly rate is $235.00. The $195.00 hourly rate billed by plaintiffs' attorneys in this lawsuit is reasonable.

Multiplying the reasonable number of hours times the reasonable hourly rate of plaintiffs' attorneys leads to a lodestar figure, and presumptively reasonable attorney's fee, of $18,671.25. The court should award plaintiffs this amount as a reasonable attorney's fee.

### III. COSTS

Plaintiffs seek to recover the following costs:

A. Plaintiffs incurred the costs of the filing fee in the amount of $350.00. Recovery of this cost is authorized by 28 U.S.C. § 1920(1) and 28 U.S.C. § 1914(a). A copy of the receipt for payment of the filing fee is attached as Exhibit C to the accompanying declaration of Paul G. Dodds.

B. Plaintiffs incurred $682.84 in costs in connection with the depositions of Theodore and Cathy Overholt, who are defendant's principals. Recovery of these costs allowed because the depositions were "necessarily obtained for use in the case." 28 U.S.C. § 1920(2); *Frederick v. City of Portland*, 162 F.R.D. 139, 143 (D. Or. 1995) (deposition costs recoverable as long the depositions were reasonably necessary at they time they were taken); Dodds Declaration, ¶ 9. Copies of the court reporter's

PAGE 5 -    MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR
           ATTORNEY'S FEES AND BILL OF COSTS

invoices are attached as Exhibits D-1, D-2 and D-3 to the accompanying declaration of Paul G. Dodds.

Plaintiffs should be awarded costs in the total sum of $1,032.84.

### III.  CONCLUSION

Based on the foregoing, the court should enter a judgment in favor of plaintiffs and against defendants for $18,671.25 in attorney's fees and $1,032.84 in costs.

DATED  this 18th day of November, 2011.

BROWNSTEIN, RASK, SWEENEY, KERR,
GRIM, DeSYLVIA & HAY, LLP


By: /s/ Paul G. Dodds
        STEPHEN H. BUCKLEY, OSB #801786
        PAUL G. DODDS, OSB #87203
        Attorneys for Plaintiffs